UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENTON THORNTON,

        Petitioner,

                                        Case No. 25-cv-10043

v.                                        Honorable Linda V. Parker

JAMES CORRIGAN,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPELABILITY

Petitioner Brenton Thornton, presently incarcerated at the Chippewa Correctional facility in Kincheloe, Michigan, comes before the Court on his pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1.) Thornton challenges his Wayne County convictions following a jury trial for various criminal sexual conduct offenses. His petition raises a sole claim challenging the constitutionality of Michigan Compiled Laws § 750.520h, which provides that the corroboration of a victim's testimony is not required for prosecution. Because Thornton's direct appeal remains pending before the Michigan Court of Appeals, the Court dismisses the petition without prejudice. The Court further declines to issue a certificate of appealability and denies Thornton leave to appeal in forma pauperis.

## I.  BACKGROUND

On January 10, 2024, a jury in the Wayne County Circuit Court found Thornton guilty of multiple sex-related offenses in two cases.  In Case No. 21-00167-01-FC, the jury convicted Thornton of two counts of first-degree criminal sexual conduct in violation of Michigan Compiled Laws § 750.520b; one count of second-degree criminal sexual conduct in violation of Michigan Compiled Laws § 750.520c; and one count of third-degree criminal sexual conduct in violation of Michigan Compiled Laws § 750.520d.  In Case No. 22-001329-01-FC, the jury convicted him of two counts of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct.  On January 31, 2024, the state court sentenced Thornton.

As of today's date, Thornton's direct appeals of his convictions and sentence are presently pending in the Michigan Court of Appeals.  *See* https://www.courts.michigan.gov; https://www.courts.michigan.gov.

## II.  ANALYSIS

Federal district courts are required to conduct an initial review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  The court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254;

2

*see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). Upon review, the Court finds that the instant habeas proceeding must be dismissed.

Before a federal court will review the merits of a petition for a writ of habeas corpus, a state prisoner must exhaust all possible state remedies or have no remaining state remedies. *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c)); *see also Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state prisoner "gives the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For Michigan prisoners, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *see also Bray v. Andrews*, 640 F.3d 731, 734-35 (6th Cir. 2011). The petitioner bears the burden of establishing that he has properly and fully exhausted his available state court remedies with respect to his habeas claims for relief. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

At this time, Thornton's habeas petition is premature because he has not exhausted his state-court remedies and, therefore, his convictions and sentence are

3

not final. They become "final" after "direct review is completed" in the state courts or "the time for seeking it expires." *Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 609 (6th Cir. 2013). Because Thornton's appeal from his convictions and sentence remain pending in the Michigan Court of Appeals, the habeas petition must be dismissed without prejudice.

### III.   CERTIFICATE OF APPEALABILITY

Before Petition can appeal this decision, if he wishes to do so, he must receive a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A habeas petitioner must make a substantial showing of the denial of a constitutional right to receive a certificate of appealability. 28 U.S.C. § 2253(c)(2). An appeal from the district court's order denying habeas relief on procedural grounds may be taken if the petitioner demonstrates that (1) jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court denies Petitioner a certificate of appealability because jurists of reason would not debate whether the petition should be dismissed because his convictions and sentence are not final, and he has not exhausted his state court

4

remedies.  Leave to proceed in forma pauperis on appeal is likewise unwarranted because any appeal would be frivolous.  *See* Fed. R. App. P. 24(a).

## IV.   CONCLUSION

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DENIES** Petitioner a certificate of appealability and leave to proceed in forma pauperis on appeal.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 22, 2025


I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 22, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager